**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SAM BONE,

       Plaintiff-Appellant,

v.

STATE OF NEW MEXICO, MARTIN
LUTHER KING COMMISSION,

       Defendant-Appellee.

No. 05-2354
(D.C. No. CIV-04-121-JH/LCS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BARRETT**, and **ANDERSON**, Circuit Judges.


      Plaintiff Sam Bone appeals the district court's order granting summary

judgment in favor of the State of New Mexico's Martin Luther King Commission

(Commission) and dismissing his complaint with prejudice.  We exercise

jurisdiction under 28 U.S.C. § 1921 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Background

Mr. Bone served as the executive director of the Commission as an "exempt employee"[1] from 1994 until 2003. In November 2002, Bill Richardson was elected as the governor of New Mexico. Although Governor Richardson did not have the power to directly appoint the Executive Director of the Commission, plaintiff alleges that he made it clear to the members of the Commission that he wanted one of his political supporters, Jo Ella Redmon, to replace Mr. Bone. As events unfolded, the Commission did appoint Ms. Redmon to replace Mr. Bone.

Thereafter, Mr. Bone filed suit for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[2] As the district court found, "[t]he graveman of [his] complaint is that [the Commission] improperly terminated his employment because he is male and for the purpose of replacing him with a woman." Aplt. App. at 308.

Relying on our decision in *Notari v. Denver Water Department*, 971 F.2d 585, 589 (10th Cir. 1992), the district court held that Mr. Bone failed to present any evidence concerning the first element of a prima facie case for reverse discrimination, namely that the Commission "is one of those unusual employers

---

[1]     The New Mexico Personnel Act, N.M. Stat. Ann. 1978, § 10-9-4(C) excludes "exempt employees" from the protections that the Act generally extends to other public employees.

[2]     Mr. Bone also sued for violation of his First Amendment rights. However, these claims were dismissed by stipulation of the parties.

who discriminates against the majority." *Id*. Therefore, it granted the Commission's motion for summary judgment. This appeal followed.

## Reverse Discrimination

Generally in a discriminatory discharge case, a plaintiff must establish the elements of a prima facie case as set forth in *McDonnell Douglas Corp. v Green*, 411 U.S. 792 (1973). These elements are: (1) he belongs to a protected class; (2) he was qualified for the job; (3) he was terminated despite his qualifications; and (4) the job was not eliminated after his discharge. *Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir. 1999). However, because Mr. Bone does not belong to a protected class, the district court was required to follow the standards set forth in *Notari* for claims of reverse discrimination. To establish a prima facie case under *Notari*, Mr. Bone was required to "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority," or to present "indirect evidence sufficient to support a reasonable probability, that but for [his] status the challenged employment decision would have favored [him]." *Notari*, 971 F.2d at 589-90.

## Standard of Review

We review the district court's grant of summary judgment de novo, viewing the evidence and drawing the reasonable inferences therefrom in the light most favorable to the nonmoving party. *Stover v. Martinez*, 382 F.3d 1064, 1070

(10th Cir. 2004).  Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*

## Analysis

Mr. Bone's only argument on appeal concerns whether he had sufficient notice that he needed to come forward with evidence to prove a prima facie case of reverse discrimination.[3]  He claims that because the parties did not specifically brief the issue of reverse discrimination, the district court's order is tantamount to a sua sponte order for summary judgment.  We disagree.

In its motion for summary judgment, the Commission argued that Mr. Bone "has a number of problems with the proof requirements for his *prima facie* case. The only evidence [he] puts forward is the evidence that he is male and a female replaced him."  Aplt. App. at 19.  While the Commission never cited *Notari* or any other reverse discrimination cases in its pleadings, it nonetheless squarely raised the failure to prove a prima facie case in its motion.  Thereafter, Mr. Bone was given an opportunity to respond and come forward with his evidence and arguments to defeat the motion.  Aplt. App. at 76-265.

Nor are we persuaded by Mr. Bone's argument that if he had known that he needed to prove a prima facie case of reverse discrimination, he "might easily

---

[3]    On appeal, Mr. Bone does not dispute the district court's factual findings or its interpretation and application of the law of reverse discrimination.

-4-

have been able to gather evidence that, but for his gender, the Commission would have retained him as executive director." Aplt. Br. at 10. Setting aside the fact that it was incumbent on Mr. Bone to know what was necessary to prove a prima facie case, he never explains why he failed to ask the district court to reopen discovery to allow him to gather such evidence, or what this evidence might have been. Instead, Mr. Bone was given ample opportunity to present his evidence and arguments as to why he was replaced by a female, and the district court properly found that the "evidence, taken together, is not enough to support a reasonable inference that either the State of New Mexico in general, or the Commission in particular, is an employer that discriminates against men such that [Mr.] Bone would still be employed as executive director had he been female." Aplt. App. at 311. The judgment is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge